IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 10, 2017 Session

## STEPHANIE DIANE BRAMLETT v. MICHAEL LEE BRAMLETT

**Appeal from the Circuit Court for Bradley County**
No. V-09-040       Lawrence Howard Puckett, Judge

_____

## No. E2016-02229-COA-R3-CV

_____

This case involves the intent of Stephanie Diane Ellerman, formerly Bramlett, (mother) to relocate with the parties' minor child. Mother, the primary residential parent, seeks to move from Cleveland, Tennessee to Greenville, Tennessee, a distance of approximately 160 miles. She sent notice to Michael Lee Bramlett (father) of her intent to relocate. The notice indicated that mother intended to relocate because she had remarried and intended to move into her husband's residence. Father responded with a petition objecting to the relocation. The court entered an order allowing mother to move, finding that the move has a reasonable purpose and is not vindictive or meant to interfere with father's co-parenting time. Father appeals. We affirm. We decline mother's request for attorney's fees and expenses at the trial court level. In the exercise of our discretion, we do award to mother her reasonable fees and expenses on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Randy Sellers, Cleveland, Tennessee, for the appellant, Michael Lee Bramlett.

Joshua H. Jenne, Cleveland, Tennessee, for the appellee, Stephanie Diane Ellerman, formerly Bramlett.

## OPINION

# I.

In 2007, mother and father married, and one child was born to their union. Mother later filed for divorce. The trial court entered a final decree of divorce that incorporated a permanent parenting plan. The parenting plan designated mother as the primary residential parent. When the trial court entered the parenting plan, mother lived in Cleveland, Tennessee with relatives.

Some years after the parties' divorce, mother remarried. Her new husband lives in an ancestral home he owns in Greeneville, Tennessee, approximately 160 miles from mother's residence in Cleveland. After mother remarried, she sent father notice, pursuant to Tenn. Code Ann. § 36-6-108(a), of her intent to move with the child more than fifty miles. Her letter indicated that she intended to relocate to the Greeneville residence of her husband. Father responded with a petition objecting to the relocation and requesting a hearing on the matter pursuant to Tenn. Code Ann. § 36-6-108(d)(1).

Tenn. Code Ann. § 36-6-108 provides, in pertinent part, the following:

> (a) After custody or co-parenting has been established by the entry of a permanent parenting plan or final order, if a parent who is spending intervals of time with a child desires to relocate outside the state or more than fifty (50) miles from the other parent within the state, the relocating parent shall send a notice to the other parent at the other parent's last known address by registered or certified mail. . . .
>
> *   *   *
>
> (d)(1) If the parents are not actually spending substantially equal intervals of time with the child and the parent spending the greater amount of time with the child proposes to relocate with the child, the other parent may, within thirty (30) days of receipt of the notice, file a petition in opposition to removal of the child. . . . The parent spending the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:
>
> (A) The relocation does not have a reasonable purpose;
>
> (B) The relocation would pose a threat of specific and serious harm to the child that outweighs the threat of harm to the child of a change of custody; or

(C) The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the noncustodial parent or the parent spending less time with the child.

Following a hearing on father's petition, the trial court entered an order finding as follows:

> Because mother exercises substantially more parenting time with the child (all but alternate weekends under the proof), father has the burden of proving mother's relocation is not for a reasonable purpose or is vindictive within the meaning of T.C.A. § 36-6-108(d)(1)(A) or (C) as he alleges. . . .
>
> *       *       *
>
> From all of the evidence, father failed to meet his burden of proof to demonstrate by the preponderance of the evidence that mother's relocation with the child lacks a reasonable purpose or is vindictive.
>
> The court finds that the reason and purpose of mother's move is "economically sufficient to justify relocation with the child", and is "economically" much more feasible than her current living conditions here in Bradley County. Mother's move to Greeneville, Tennessee will allow her and her daughter the economic advantages attendant to living in a home of their own rather than with their extended relatives as they do now. . . . [T]he court finds: that the mother is a wage earner of limited means, doing menial labor; that her new husband's home is ancestral property owned by him; that mother will probably be able to obtain similar employment in the new location; that it is economically beneficial for mother to live with her husband rather than with her relatives as she and the child now live; that it would pose economic hardship and uncertainty upon mother, the child and her husband for him to seek employment in mother's present locale, which the court finds is not economically feasible because of the fact he would be selling and moving from his present home. The court concludes that . . . mother's move with her child is for a reasonable purpose and is not designed or intended by her to defeat father's shared parenting rights.

- 3 -

(Paragraph numbering, footnote, and citations in original omitted.)  Accordingly, the court ordered that mother would be allowed to move to Greeneville with the child. Father appeals.

## II.

The issue presented by father is whether the trial court erred in allowing mother to relocate with the child.  Mother raises the issue of whether she should be awarded her attorney's fees at trial and on appeal.

## III.

In this non-jury case, we review the trial court's findings of fact upon the record with a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them.  Tenn. R. App. P. 13(d); *Armbrister v. Armbrister,* 414 S.W.3d 685, 692 (Tenn. 2013).  We review a trial court's conclusions of law under a de novo standard with no presumption of correctness accorded to the trial court.  *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.

## A.

The Supreme Court has recently clarified the framework to be utilized in determining whether a parent may relocate with a child pursuant to the provisions of Tenn. Code Ann. § 36-6-108.  In *Aragon v. Aragon*, the Supreme Court explained that, once a primary residential parent seeking to relocate provides notice of his/her intent to relocate, the burden of proof is on the parent opposing the relocation to prove one of the enumerated grounds in Tenn. Code Ann. § 36-6-108(d)(1).  *See* 513 S.W.3d 447, 460 (Tenn. 2017).  "If the burden of proof is not carried, the trial court is obliged to grant permission for the relocation."  *Id.*  The court explained that "[t]he statute includes a presumption in favor of permitting relocation       . . . ."  *Id.*

The *Aragon* court also addressed the term "reasonable purpose."  In *Webster v. Webster*, this Court found that "it is clear that the 'reasonable purpose' of the proposed relocation must be a significant purpose, substantial when weighted against the gravity of the loss of the non-custodial parent's ability 'to fully participate in their children's lives in a more meaningful way.' "  No. W2005-01288-COA-R3-CV, 2006 WL 3008019, at *14 (Tenn. Ct. App., filed Oct. 24, 2006).  In *Aragon*, the Supreme Court rejected that interpretation.  The court held that "[t]he term 'reasonable purpose' should be given its ordinary meaning."  513 S.W.3d at 467.  "[T]he 'reasonable purpose' ground is not intended to be a guise under which the trial court may determine whether the parent's

decision to relocate is wise or fair or in the child's best interest." *Id.* The statute demonstrates the legislature's intent "to permit the parent who has been spending the majority of the residential parenting time with the child to relocate with the child without court intervention, except in unusual cases in which the other parent proves that the move . . . has no reasonable purpose at all." *Id.* at 466 (footnote omitted).

In the case before us, because mother spends the greater amount of time with the child, father has the burden of proving one of the three grounds for denying a petition to relocate. With respect to whether the relocation would pose a threat of specific and serious harm to the child, at trial, father conceded that this ground is not at issue. Father's counsel clarified for the trial court that "we can cast out . . . serious harm. [Father] admitted that. We didn't plead that she was any kind of harm to the child no matter where she is." Accordingly, the threat of specific and serious harm to the child is not a ground on which to deny mother's proposed relocation.

Father claims that mother's proposed relocation is vindictive and intended to defeat or deter his visitation with the child. He, however, fails to establish that mother's motive for relocating to live with her new husband is, in any way, vindictive. With respect to mother's proposed relocation being vindictive, father's counsel stated that "the point of that argument is that it's already difficult for [father] to exercise his time, but this is going to make it more difficult . . . ." While the move will clearly require more travel time for father to exercise his visitation rights, that alone does not demonstrate that mother's motive for relocating is vindictive. Father's bears the burden of proving that mother's motive is vindictive in that it is "intended to defeat or deter [his] visitation rights . . . ." Tenn. Code Ann. § 36-6-108(d)(1)(C). The fact that exercising his visitation rights would be more difficult if mother relocates does not prove that her motive is vindictive. We hold that the evidence does not preponderate against the trial court's finding that father failed to meet his burden of proving that mother's motive for relocating is vindictive.

Father also claims that mother's proposed relocation has no reasonable purpose. To support this claim, father relies on the following assertions: (1) mother's move will not advance her pay, and she will actually make less in Greeneville; (2) mother has no relatives in Greeneville; (3) both mother's and father's extended families live in Bradley County; (4) it is unknown whether mother's new husband attempted to obtain a job closer to mother's residence in Bradley County; and (5) mother's husband eventually took a job making less than he was making at the time of the notice of intent to relocate.

As discussed in this opinion, the parent opposing relocation bears the burden of proving that the proposed relocation "has no reasonable purpose at all." *Id.* at 467. In this case, father has failed to demonstrate that mother's proposed relocation has no reasonable purpose. Rather than demonstrating that the move has no reasonable purpose, father focuses on a potential decrease in mother's and her husband's pay. Father also

focuses on the location of the child's extended family. These facts fail to demonstrate how mother's proposed relocation has no reasonable purpose. Based upon the record, mother has proposed to relocate with the child because she has remarried and intends to move out of her current residence with her relatives and into her husband's ancestral home. To us, this is a reasonable purpose for mother to relocate. We hold that the evidence does not preponderate against the trial court's finding that father failed to meet his burden of proving that mother's proposed relocation has no reasonable purpose. Because father has failed to prove one of the grounds on which to deny mother's proposed relocation, we affirm the judgment of the trial court allowing mother to relocate with the child from Cleveland, Tennessee to Greeneville, Tennessee.

### B.

On appeal, mother asks this Court to award her attorney's fees incurred at trial and on appeal. Tenn. Code Ann. § 36-6-108(i) provides that "[e]ither parent in a parental relocation matter may recover reasonable attorney fees and other litigation expenses from the other parent in the discretion of the court." The trial court, however, did not award attorney's fees to mother. The court, in its ruling from the bench, and the trial court's order are silent on the issue. The trial transcript demonstrates that mother did not bring the issue to the trial court's attention when the court made its ruling, even though she had the opportunity to restate her request for attorney's fees at that time. After the court made its ruling allowing mother to relocate, the court gave mother the opportunity to raise any additional issues before the court. The court asked if there was anything else, and the response was "no." Counsel for mother then stated he would prepare an order incorporating the court's findings.

Given the opportunity to address attorney's fees, Mother cannot make the error of not raising the issue before the trial court and now contest the trial court's failure to award her fees as an alleged error. Tenn. R. App. P. 36(a) provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." The Supreme Court has stated the following:

> [T]he rationale for requiring an objection to a mistake is that it gives the trial judge an opportunity to cure a situation that one or both parties perceive to be in error. A party ought not be permitted to stand silently by while the trial court commits an error in procedure, and then later rely on that error when it is to his advantage to do so.

*State v. Mounce*, 859 S.W.2d 319, 323 (Tenn. 1993). Thus, if mother believed that the trial court erred in not addressing or not awarding attorney's fees, she should have raised that issue before the trial court when she had the opportunity. Mother cannot now, after

remaining silent at trial, ask this Court to correct what she believes was a mistake by the trial court. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Accordingly, we decline to award the attorney's fees of mother incurred at trial.

Mother prevailed on this appeal. With respect to mother's request for her fees on appeal, in the exercise of our discretion, we award her said fees and expenses. We remand this case to the trial court to establish mother's reasonable attorney's fees and expenses on appeal.

<h1 style="text-align:center">V.</h1>

The judgment of the trial court is affirmed. The costs on appeal are assessed to the appellant, Michael Lee Bramlett. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE